MILTON KEMPNER, Plaintiff, *v.* SAMUEL SIMON, Defendant.

Supreme Court, Queens Special Term, June, 1922.

**Real property — restrictive covenants in one deed from common grantor but not in other — notice to second purchaser of restrictions — injunction — when erection of store will be restrained.**

At a sale of lots circulars and maps were distributed providing for certain restrictions in certain blocks. Plaintiff and defendant became the owners of adjoining lots. Plaintiff in conformity with the restrictions of his deed built thereon a one-family house. The deed to defendant was free from any restrictions and though he was subsequently apprised of the existence of the restrictions affecting both properties he commenced the erection of stores on his land. *Held*, that plaintiff was entitled to judgment for an injunction to restrain the construction of said stores.

A contention on the part of defendant that under a clause in plaintiff's deed to the effect that the covenants and restrictions therein contained might be " altered or modified " the common grantor had the right to convey to defendant without restrictions, is untenable.

SUIT for an injunction.

*Kahn & Zorn (Joseph Kahn,* of counsel), for plaintiff.

*Max L. Kane,* for defendant.

LEWIS, J. This is an action for an injunction to restrain the defendant from the construction of stores on lots adjoining a private dwelling erected by the plaintiff.

In 1918 the Edgemere Crest, Incorporated, and other associated owners, at a sale distributed circulars and sales maps, which, among other things, provided that in block D and other blocks detached houses for the use and occupancy of one family only could be erected. The plaintiff, in 1919, purchased lots 52 and 53. The defendant subsequently purchased the land known as lots 54 to 58 immediately adjoining those of plaintiff. Plaintiff's deed contained restrictions prohibiting him from erecting anything but a one-family dwelling upon his parcel, and plaintiff, in conformity with the restrictions, has built a one-family house upon his lots 52 and 53. The purchase by the defendant from the Edgemere Crest, Incorporated, was free from any restrictions, and the defendant commenced the erection of stores upon his parcel. The defendant claims that he had no knowledge of any restrictions affecting the parcel which he purchased. The contract for the purchase of the land and the testimony of an officer of the Edgemere Crest, Incorporated, that there was discussed between him and the attorney for the purchaser the existence of restrictions by implication, together with all the other circumstances and proof in the

case, sufficiently apprised the defendant of the existence of the restrictions. It is not necessary that the restrictions should appear on the record. *Willsea* v. *Allan*, 183 N. Y. Supp. 680. Defendant maintains, however, that the common grantor had the right to convey without restrictions, based upon the following clause: " * * * it is mutually understood and agreed that the above covenants and restrictions may be altered or modified at any time prior to said January 1st, 1932, by written agreement by and between the present owners and the owners for the time being of the premises upon which it is agreed to alter or modify said covenants and restrictions."

The deed to the defendant contained no restrictions. There was nullification and abandonment of the restrictions, but in no sense an alteration or modification. Alteration and modification are not synonymous with substitution. *Zabriskie* v. *Hackensack & New York R. R. Co.*, 18 N. J. Eq. 178, 192; *Haynes* v. *State*, 15 Ohio St. 455, 458.

Finally, as in most of the cases in which restrictive covenants are sought to be enforced, the defendant maintains that the character of the neighborhood has changed, justifying the court withholding relief from plaintiff. The proof shows that on adjoining streets bungalows have been erected, some by a corporation intimately associated with the common grantor, and stores on adjoining streets. On the block in question private dwellings only appear. The character of the neighborhood, and particularly the street upon which the property involved is situated, has not materially changed.

Judgment for the plaintiff.

Judgment accordingly.